NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: APPLE PROCESSOR LITIGATION, | No. 19-16720 |
| ANTHONY BARTLING; et al., | D.C. Nos. 5:18-cv-00147-EJD 5:18-cv-00271-EJD |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| APPLE INC., | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted November 18, 2020
San Francisco, California

Before: TASHIMA, NGUYEN, and HURWITZ, Circuit Judges.
Dissent by Judge TASHIMA

Plaintiffs in this putative class action are purchasers of Apple products who

assert various state-law causes of action for consumer fraud, unfair practices, and

unjust enrichment. They allege that Apple failed to disclose that their devices were

_____

* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

potentially vulnerable to hacking and that the patches Apple applied to address the vulnerabilities degraded the devices' performance. The district court granted Apple's Rule 12(b)(1) motion to dismiss for lack of standing. Reviewing *de novo*, *In re Zappos.com, Inc.*, 888 F.3d 1020, 1024 (9th Cir. 2018), *cert. denied sub nom. Zappos.com, Inc. v. Stevens*, 139 S. Ct. 1373 (2019), we vacate in part and remand for further proceedings.

1. "To have Article III standing, 'a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). "Each element of standing must be supported with the manner and degree of evidence required at the successive stage of the litigation." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (cleaned up). At the pleading stage, the court "must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Id.* (cleaned up). "[G]eneral factual allegations of injury resulting from the defendant's conduct may suffice, but such allegations must permit the court to infer more than the mere possibility of injury." *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 560 (9th Cir. 2019)

2

(cleaned up). "Plaintiffs need only one viable basis for standing." *In re Zappos.com*, 888 F.3d at 1030 n.15.

Plaintiffs met that modest burden. The allegations in the operative complaint that Plaintiffs' devices declined in resale value after Apple announced the vulnerabilities and installed the patches suffice to plead an economic injury that is "concrete and particularized." *See, e.g.*, *Maya*, 658 F.3d at 1071. The complaint alleges that a regression analysis of 76,000 transactions in the secondary smartphone market showed a decline in the value of devices owned by the Plaintiffs after the announcement of the vulnerabilities and patching, and concluded that the decline was caused by these events. Whatever the merits or eventual admissibility of the analysis, at the pleading stage it provides a metric from which an effect on the resale value of Plaintiffs' devices can be plausibly inferred. Assuming Apple's alleged actions and omissions give rise to a claim upon which relief can be granted, an issue the district court pretermitted, the alleged injury is "fairly traceable" to that conduct. *See Mendia v. Garcia*, 768 F.3d 1009, 1012-15 (9th Cir. 2014). Other factors may have caused the decline in value, but Plaintiffs allege that the regression analysis controlled for such factors, an allegation that we must accept at this stage. And, Plaintiffs' claimed injury, if proved, would be redressable through damages.

2. Although we can "affirm the dismissal upon any basis fairly supported by the record," *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663

(9th Cir. 2000), we decline to address Apple's Rule 12(b)(6) arguments in the first instance, leaving that task to the district court on remand.[1]

**VACATED IN PART AND REMANDED.**

---

[1] We need not address Plaintiffs' remaining arguments for standing and **deny** Apple's motion for judicial notice (**Dkt. 18**).

*Bartling v. Apple Inc.*, No. 19-16720

TASHIMA, Circuit Judge, dissenting:

I dissent.

The gravamen of Plaintiffs' complaint is summarized by the majority as Plaintiffs' allegation "that Apple failed to disclose that [Plaintiffs'] devices were potentially vulnerable to hacking and that the patches Apple applied to address the vulnerabilities degraded the devices' performance." Maj. Memo. at 1–2. The majority concludes that this allegation is sufficient to show that Plaintiffs "suffered an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical." *Id.* at 2 (cleaned up). I disagree. To begin, that Plaintiffs' "devices were potentially vulnerable to hacking" is not an actual injury that is concrete and particularized. Every device is potentially vulnerable to hacking. It is, rather, conjectural and hypothetical, not concrete and particularized.

The actual injury then must be "that the patches Apple applied . . . degraded the devices' performance." *Id.* But, to determine whether Apple's patches amounted to an actual injury, we must consider the alternative – not applying the patches and leaving the devices "vulnerable to hacking." The complaint alleges that installing the patches caused Plaintiffs' devices to "decline[] in resale value," which the majority concludes is sufficient "to plead an economic injury." *Id.* at 3. But Plaintiffs' complaint does not tell us whether leaving the devices vulnerable to

hacking, without patches, would or would not also result in a decline in resale value and, if so, by how much.

As I understand Plaintiffs' regression analysis, it does not separate out how much of the drop in resale value is attributable to the disclosure of the devices' security vulnerability, which is not a concrete, compensable injury, and how much is attributable to the patch update. Moreover, Plaintiffs' analysis does not purport to show whether the patch update lessened or increased the drop in resale value. Without such further allegations, it is impossible to tell whether the patching tradeoff had a net positive or negative effect, *i.e.*, whether the decline in resale value is attributable to the discovery of the devices' vulnerability to hacking and not to the application of the patches. I would thus conclude, as did the district court, that Plaintiffs have failed plausibly to allege an injury in fact.

Because, on this record, I would affirm the district court's order dismissing the complaint for Plaintiffs' lack of Article III standing, I respectfully dissent.